E-FILED
Friday, 18 September, 2026 10:10:27 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

JEANNIE B.,

*Plaintiff*,

v.

COMMISSIONER OF SOCIAL SECURITY,

*Defendant*.

Case No. 2:25-cv-02276-RLH

## ORDER

Before the Court is the parties' Consent Motion for Attorneys' Fees Under the Equal Access to Justice Act (EAJA).[1] (Doc. 17). Upon review, the Court finds that the request is reasonable and otherwise complies with the EAJA. *See Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003) (explaining that eligibility for EAJA fees requires that (1) the plaintiff was the "prevailing party"; (2) the government's position was not "substantially justified"; (3) "no special circumstances make the award unjust"; and (4) the request is timely made). The Court therefore awards Plaintiff attorney's fees in the amount of $12,500.

At the parties' request, the Court notes that any fees paid belong to Plaintiff, not to Plaintiff's attorney, and can be offset to satisfy any pre-existing debt Plaintiff owes the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010) ("We hold that a § 2412(d) fees award is payable to the litigant and is therefore subject to a

[1] The parties in this case have consented to a final disposition by a magistrate judge under 28 U.S.C. § 636. (Doc. 6).

government offset to satisfy a pre-existing debt that the litigant owes the United States."). If the Commissioner determines that the Plaintiff has no outstanding federal debt, attorney fees may be made payable to Plaintiff's counsel.

*So ordered*.

Entered this 18th day of September 2026.

s/ Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge